UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROCKET LAWYER,<br><br>　　　　　Defendant. | Case No. 2:23-cv-2568-DC-CSK<br><br><br>ORDER, AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Jean Marc Van den Heuvel is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II.   THE COMPLAINT

Plaintiff's Complaint uses the fillable form complaint and names the following defendant: "Rocket Lawyer Embezler Extraordinaire Bank Account Withdrawls" with the following job or title: "A false Company that extracts money,absent autority,or repremands." Compl. at 2 (ECF No. 1). In a different part of the Complaint, Plaintiff lists Rocket Lawyer as another plaintiff. *Id*. at 3 (Section II.A.2). The brief factual allegations are unclear and inconsistent. Plaintiff alleges that Defendant owes him $500,000.00,

2

based on a promissory note for no specified sum, or based on an account between the parties for "credit card withdrawals," or for money Plaintiff loaned Defendant. *Id*. at 4-5. Plaintiff also alleges that Defendant was paid $36.00 by mistake. *Id*. at 5.

## III. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint asserts jurisdiction based on diversity, and alleges that the amount in controversy is $500,000.00. *See* Compl. at 3-4 (Section II.C). The Complaint does not, however, allege that there is diversity of citizenship between the parties where it alleges that Plaintiff is a California citizen but identifies no residence or location of Defendant "Rocket Lawyer Embezler Extraordinaire Bank Account Withdrawls." *See id*. at 1-2; *see also id*. at 3 (identifying Defendant as a corporation incorporated under the laws of the state of "N.a. Constitutional values of civil rights violations."). The Court notes that the Complaint attaches a document subpoena, a deposition subpoena, a hearing

subpoena, and a summons. (ECF No. 1 at 7-16.) These documents, without determining whether they are incorporated into the Complaint, suggest that Defendant is also a citizen of California because it lists a San Francisco, California address for Defendant. *Id*. at 14, 16. This would also establish that diversity of citizenship is lacking.

The Complaint also does not plead a claim based on federal law and does not present any federal question. Therefore, the Court lacks subject matter jurisdiction.

### B. Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). The Court is unable to discern what causes of action Plaintiff intends to bring or whether the individual or entity identified as Defendant ("Rocket Lawyer Embezler Extraordinaire Bank Account Withdrawls") is fictitious. *See* Compl. at 2. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court considers that this is not the first suit Plaintiff has initiated in this court and prior opportunities to amend have been unsuccessful. *See Heuvel v. Gold Key Storage, et al.*, No. 2:24-cv-00835-TLN-CKD (E.D. Cal. June 28, 2024) (adopting in full May 13, 2024 findings and recommendations that complaint be dismissed without leave to amend); *Heuvel v. Placerville Self Storage*, No.

2:19-CV-01418-MCE-CKD-PS, 2020 WL 569421, at *1 (E.D. Cal. Feb. 5, 2020) (recommending complaint be dismissed and case be closed after three opportunities to amend claims against storage company and other defendants), report and recommendation adopted sub nom. *Van Den Heuvel v. Placerville Self Storage*, No. 2:19-CV-01418-MCE-CKD-PS, 2020 WL 1157729 (E.D. Cal. Mar. 10, 2020); *Van Den Heuvel v. Reich*, No. 2:23-CV-1213-KJM-DB-PS, 2024 WL 1257363, at *2 (E.D. Cal. Mar. 25, 2024) (recommending dismissal of complaint after an unsuccessful opportunity to amend). A query within the district's CM-ECF court system indicates that Plaintiff is a plaintiff in 52 or more civil cases in the Eastern District of California.

Like each complaint in the cases cited above, Plaintiff's current Complaint does not present a cogent, non-frivolous claim. In light of the Court's lack of subject matter jurisdiction in addition to the naming of what appears to be a fictitious defendant ("Rocket Lawyer Embezler Extraordinaire Bank Account Withdrawls") and the Complaint's deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## IV.   CONCLUSION

In accordance with the above, IT IS ORDERED that Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED that the Complaint be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE